IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LEE and ELLA SUE LEE, ) | |
| ) | |
| Plaintiffs, ) | No. 15-cv-7774 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jeffrey T. Gilbert |
| LOVE'S TRAVEL STOPS & COUNTRY ) | |
| STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On February 7, 2014, Plaintiffs William Lee ("William") and Ella Sue Lee ("Ella"), who are husband and wife, allegedly stopped at Defendant Love's Travel Stops & Country Stores, Inc.'s, place of business ("PoB") in Gary, Indiana. Plaintiffs claim that, while there, William slipped and fell on ice and/or snow that accumulated near Defendant's gas pumps. An ambulance transported William from Defendant's PoB to an Indiana hospital. According to Plaintiffs, William subsequently received treatment from almost a dozen Illinois medical providers. Plaintiffs live in Lyons, Illinois. Plaintiffs sued Defendant for negligence (Count I) and loss of consortium (Count II). ECF No. 1, Ex. 1. Defendant has moved to transfer this case to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). ECF No. 9. For the reasons stated below, the motion to transfer is denied.

### I. LEGAL STANDARD

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). *A.M. Castle & Co. v. Byrne*, 2013 WL 5511673, at *2 (N.D. Ill. Oct. 3, 2013). Section 1404(a) permits a court to transfer a civil case "[f]or the convenience of parties and witnesses" and "in the interest of

justice." 28 U.S.C. § 1404(a). "A transfer under § 1404(a) is proper if: (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) transfer will serve the convenience of the parties and promote the interest of justice." *Moser v. Ayala*, 2013 WL 1337187, at *7 (N.D. Ill. Mar. 29, 2013). "This analysis requires an individualized, case-by-case consideration of convenience and fairness." *Grange Mut. Cas. Co. v. Hallmark Specialty Ins. Co.*, 2015 WL 5552660, at *2 (S.D. Ind. Sept. 16, 2015). "Because determining whether transfer is appropriate requires a large degree of subtlety and latitude, the decision is left to the sound discretion of the trial judge." *Moser*, 2013 WL 1337187, at *7. "The moving party, the defendant in the instant case, bears the burden of proving that the transferee forum is clearly more convenient." *Bonnevier v. Amoena USA Corp.*, 2014 WL 537520, at *1 (N.D. Ill. Feb. 10, 2014) (internal quotation marks omitted).

## II. DISCUSSION

In this case, the parties agree that venue is proper in both the transferor and transferee courts. The parties only dispute whether transfer will serve convenience and promote the interest of justice. "To determine whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice, courts consider both private and public interests." *Toddy Gear, Inc. v. Cleer Gear, LLC*, 2013 WL 6153052, at *3 (N.D. Ill. Nov. 22, 2013). Each will be dealt with in turn.

The private interests include "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Broadridge Sec. Processing Solutions, Inc. v. WRP Investments, Inc.*, 2014 WL 4261234, at *2 (N.D. Ind. Aug. 28, 2014) (internal quotation marks omitted). Of these, "convenience is the most important . . . ." *Craik v. Boeing Co.*, 37 F.

2

Supp. 3d 954, 959 (N.D. Ill. 2013). Ultimately, "the effect of a transfer cannot be merely to shift the inconveniences from one party to the other." *Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, 2014 WL 2711838, at *8 (S.D. Ind. June 16, 2014).

A plaintiff's "choice of forum is usually accorded significant weight." *Bjoraker v. Dakota, Minn. & E. R.R. Corp.*, 2013 WL 951155, at *2 (N.D. Ill. Mar. 12, 2013). This is "particularly" true when the chosen forum also is a plaintiff's home forum. *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, 2015 WL 535981, at *1 (N.D. Ill. Feb. 9, 2015). Therefore, a defendant "must show a clear balance of inconvenience before Plaintiff's choice of forum is disturbed." *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2015 WL 4450721, at *2 (C.D. Ill. July 20, 2015). A defendant's burden, however, is eased where a plaintiff's home forum is not the situs of material events. *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, 2003 WL 1895390, at *1 (N.D. Ill. Apr. 17, 2003).

Here, Plaintiffs filed suit in Illinois. Their choice of forum normally would be entitled to significant weight because they both live in the state. This weight is decreased by the fact that, as discussed below, Illinois is not the main situs of material events. Therefore, Plaintiffs' choice of forum weighs heavily against transfer but not as heavily as it would if the underlying events also occurred in Illinois.

The second factor is the situs of material events. "Material events are those that give rise to the cause of action." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 961 (N.D. Ill. 2006). Where a plaintiff seeks damages for a personal injury, medical treatment generally "does not constitute a material event *giving rise* to the claims." *Kramer v. Daimler Chrysler Motors Co., LLC of Delaware*, 2008 WL 4542654, at *1 (N.D. Ill. July 22, 2008). *See also Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 961 (N.D. Ill. 2006).

3

Here, William slipped and fell in Indiana. Ella's loss of consortium claim is derivative of William's negligence claim, which is premised on the event in Indiana. Faced with these facts, Plaintiffs rely on *Tsaparikos v. Ford Motor Co.*, 2002 WL 31844949 (N.D. Ill. Dec. 18, 2002). In that case, the plaintiffs, a husband and wife who resided in Indiana, sued in Illinois over a car accident in New Mexico. *Id.* at *2. The court noted that the husband received medical treatment in Illinois and Indiana and that the wife suffered her loss of consortium injuries in Indiana. *Id.* Even then, though, the court found that "the situs of the accident weighs in favor of transfer" and that these other facts only "decrease[d]" the significance of this weight. Here, also, the situs of material events weighs somewhat in favor of transfer.

The third factor is the relative ease of access to sources of proof. At this point, neither party has identified significant tangible sources of proof other than documents. "The ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country renders . . . consideration [of access to this type of proof] insignificant." *AL & PO Corp. v. Am. Healthcare Capital, Inc.*, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015). Moreover, Defendant concedes that this Court would likely have subpoena power over the relevant witnesses given the close proximity of our courthouse in Chicago to Northwest Indiana. Therefore, the consideration of this factor essentially dovetails with the fifth factor, the convenience of the witnesses.

"[T]he convenience of the witnesses is the most important factor in the transfer balance." *Omnisource Corp. v. Sims Bros.*, 2008 WL 2756345, at *6 (N.D. Ind. July 14, 2008) (internal quotation marks omitted). "When assessing witness convenience, a court may consider the number of witnesses involved, travel distances and associated costs for these witnesses, the willingness of the witnesses to appear, or whether the witness is within the court's reach to

4

compel appearance." *Villafuerte v. Decker Truck Line, Inc.*, 2014 WL 3721962, at *3 (N.D. Ind. July 25, 2014) (internal quotation marks omitted). Also, "the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1018 (N.D. Ill. 1998).

In this case, Defendant specifically has identified three potential witnesses. ECF No. 9, at 3. Both Katrina Conner and Denise Delprincipe worked as cashiers in Defendant's Gary location at the time of the incident. They both still work in the same capacity at the same location. The third potential witness, Tim Wisenewski, was another on-duty cashier in Gary at the time of the incident. He has since moved to Ottawa, Kansas, but still works for Defendant. All three of these witnesses are party-employee witnesses and, therefore, any inconvenience to them carries "little weight" compared to third-party witnesses. *Abbott v. Lockheed Martin Corp.*, 2007 WL 844903, at *3 (S.D. Ill. Mar. 20, 2007). Further, Mr. Wisenewski will have to travel a significant distance regardless of where the trial is held and would not face significantly greater inconvenience in either venue. *See Bonnevier*, 2014 WL 537520, at *3.

Defendant also references other potential witnesses. For instance, Defendant said it might call "additional Indiana employees . . . who will testify about [Defendant's] general practices for removing ice and snow." ECF No. 9, at 3. But Defendant did not identify any of these employees by name or indicate where they live, even though it presumably has that information. Likewise, Defendant stated that emergency medical personnel who assisted William in Indiana are potential witnesses. *Id.* But Defendant failed to identify them individually or even the organizations for which they work. Further, Defendant did not explain what facts or knowledge any of these witnesses would bring to bear at trial. Defendant bears the burden of "specify[ing] the key witnesses to be called and mak[ing] at least a generalized

statement of what their testimony would have included." *Cent. States, Se. & Sw. Areas Pension Fund v. Mid-W. Illinois Concrete Contruction, Inc.*, 2015 WL 2330319, at *2 (N.D. Ill. May 14, 2015). Therefore, "[t]he court . . . will not consider the convenience of such unidentified witnesses." *Law Bulletin*, 992 F. Supp. at 1018.

Even if Defendant had properly identified these witnesses, they would not have a meaningful effect on the Court's analysis. The first set of potential witnesses consists entirely of party-employees whose convenience is given little weight as noted above. *Abbott*, 2007 WL 844903, at *3. The second group is composed of medical personnel whose testimony may not be of much weight. For example, they did not witness the slip and fall; they responded to it after it occurred. Their testimony about William's injuries on the day in question may have some relevance to damages but perhaps not as much as his long-term treaters in Illinois. They may have potentially relevant knowledge about the condition of the premises and William's condition immediately after he slipped and fell. But it is not clear how many medical personnel went to Defendant's PoB, where on the premise they were, how long they were there, what they may have observed of the premises, and whether they, in fact, live in Illinois, Indiana or somewhere else. Therefore, these vaguely identified witnesses carry little weight in the convenience analysis.

Plaintiffs have identified eight witnesses that they expect to call at trial. ECF No. 15, at 20. Both Plaintiffs are expected to testify. Also, their two children likely will testify. Further, Plaintiffs anticipate calling four doctors, all based in Illinois, who can speak to the extent of Plaintiffs' injuries and the issue of damages. Specifically, Plaintiffs identified Dr. David Ward, Dr. Robert Wysocki, Dr. Bruce Hallmann, and Dr. Bozana Durman. Plaintiffs also have identified a number of additional witnesses that may be called to testify at trial. They have

6

identified over a dozen specific medical institutions, the overwhelming majority of which are based in Illinois, whose employees may testify at trial. ECF No. 15, at 5, 19-21. And Plaintiffs might need to call an employee of William's Illinois-based employer, Unlimited Transportation, to testify about lost wages. *Id.* at 5.

Defendant argues that inconvenience to the witnesses it identified should be given greater weight because those witnesses will testify to "the central dispute in this case," liability. ECF No. 16, at 2. To support this argument, Defendant cites *Vandeveld v. Christoph*, 877 F. Supp. 1160 (N.D. Ill. 1995). In *Vandeveld*, the court discounted the weight given to eighteen non-party witnesses identified by the defendants only because the witnesses would testify to an issue the plaintiff had sworn in an affidavit and stated in his brief he would not contest. *Id.* That rendered the witnesses' potential testimony irrelevant. *Id.* In this case, Defendant proffers that "[t]he nature of Mr. Lee's injuries and his medical care are unlikely to be disputed." ECF No. 16, at 2. But the extent and severity of an injured plaintiff's damages, the need for continued treatment, etc., are often hotly contested issues at trial.

Moreover, Defendant has proposed three employee witnesses to testify to liability, only two of whom would face more inconvenience by litigation in Chicago. And both Plaintiffs also will testify to matters related to liability. These two pairs largely off-set each other. Further, Ella's damages related to loss of consortium are not so likely to be clear cut. Plaintiffs' children's testimony about their parents injuries and relationship as well as the medical providers testimony about the extent of William's injuries may be relevant to that issue as well.

The three witnesses properly identified by Defendant are party-employees. On the other hand, Plaintiffs have specifically identified six non-party witnesses they intend to call. Even if liability witnesses were more heavily weighed, the total inconvenience to the Illinois-based

7

witnesses identified by Plaintiffs still would carry more weight given their non-party status and greater number. Therefore, both the relative ease of access to sources of proof and the convenience of the witnesses weigh heavily against transfer.

The fourth and final private factor is the convenience of the parties. Neither party has presented significant argument on this factor. However, corporations are usually "able to bear the costs of litigation with greater ease than" individual plaintiffs. *Bonnevier*, 2014 WL 537520, at *4. Here, Defendant, a corporation, concedes that it is "a national business." ECF No. 9, at 5. And Plaintiffs represent that Defendant's headquarters and risk management department are in Oklahoma City, Oklahoma. ECF No. 15, at 5. Because Defendant is a corporation with a national reach whose nerve center is far from both Illinois and Indiana, the convenience of the parties weighs somewhat against transfer.

In summary, three private factors, including the most important one, weigh heavily against transfer; one private factor weighs somewhat against transfer; and one private factor weighs somewhat in favor of transfer.

"The interest of justice is a separate component of a § 1404(a) transfer analysis . . . [which] is directed to the efficient administration of the court system." *FTI Consulting, Inc. v. Merit Mgmt. Grp., LP*, 2014 WL 3858365, at *2 (N.D. Ill. Aug. 5, 2014). Regardless of the private factors, the interest of justice may be determinative. *Genocide Victims of Krajina v. L-3 Servs., Inc.*, 804 F. Supp. 2d 814, 826 (N.D. Ill. 2011). "The public factors to be considered are: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Bonnevier*, 2014 WL 537520, at *4.

According to the June 2015 Federal Court Management Statistics, the median time from filing to disposition in a civil case in the Northern District of Illinois is 7.3 months while the median time from filing to trial in a civil case is 33.0 months.[1] In the Northern District of Indiana, the respective numbers are 12.2 months and 44.1 months. The Northern District of Illinois is notably faster on both measures. Thus, the first public factor weighs against transfer.

Neither party argues that either court is significantly more familiar with the applicable law in this case. This case would likely involve the application of Indiana law. Like Illinois, Indiana uses a modified comparative fault system. Clearly, either court would be entirely capable of handling this case. However, federal courts in Indiana are likely to be at least somewhat more familiar with Indiana state law than are federal courts in Illinois. *Beard v. J.I. Case Co.*, 823 F.2d 1095, 1097 (7th Cir. 1987); *Deist v. Washington Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 775 (S.D. Ill. 2005). Therefore, this factor weighs slightly in favor of transfer.

The final two factors are so interrelated that they will be addressed together. Defendant is registered to conduct business in Illinois, ECF No. 5, at 2, and presumably Indiana. It is a national business, by its own admission. The only facts that tie Indiana to this case are that the Defendant's PoB is there, the accident happened there, and the law of Indiana will apply. These are balanced by Illinois' "strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state-actors." *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006). The thumb on the scale comes from the fact that (1) several Illinois-based entities have liens related to their provision of care for Plaintiff, ECF No. 15, at 8-9, 21, and (2) the state of Illinois has paid over $23,000 for William's medical expenses

---

[1] The Federal Court Management Statistics are available at http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3.

through Illinois Public Aid. *Id.* at 9. In light of these facts, these final two factors weighs against transfer.

In summary, three public factors weigh against transfer and one weighs in favor of transfer. Of course, the Court's decision on Defendant's Motion to Transfer is not solely the function of a mathematical exercise, counting up the public and private factors that weigh against and in favor of transfer. As discussed in detail above, however, the Court is convinced that a careful balancing and analysis of both the private factors and the public factors weighs against transfer.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to transfer (ECF No. 9) is denied.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 3, 2015