IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM LEE and )
ELLA SUE LEE, )
 )
    Plaintiffs, )
 )   No. 1:15-cv-07774
v. )
 )   Jeffrey T. Gilbert
LOVE'S TRAVEL STOPS &, )   Magistrate Judge
COUNTRY STORES, INC., )
 )
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Plaintiffs William Lee and Ella Sue Lee ("Plaintiffs") requesting a jury trial pursuant to Federal Rule of Civil Procedure 39(b). For the following reasons, this motion is granted.

**I. Background**

In February 2014, Plaintiff William Lee allegedly slipped and fell at a Love's Travel Stops & Country Stores, Inc. ("Defendant") location in Gary, Indiana, incurring personal injuries. On August 31, 2015, Plaintiffs (Mr. Lee and his wife) filed in state court a two-count complaint against Defendant alleging negligence and loss of consortium. Plaintiffs did not include a jury demand with their Complaint. The following month, the case was timely removed to federal court. Defendant filed its answer on September 8, 2015. Defendant did not demand trial by jury with its answer. Plaintiffs filed the instant motion requesting a jury trial on January 14, 2016.

## II. Legal Standard

A jury demand must be filed no later than 14 days after the last pleading directed to the issue is served. Fed.R.Civ.P. 38(b)(1). The failure of a party to serve and file a demand results in a waiver of the right to a trial by jury. Fed.R.Civ.P. 38(d). Nonetheless, the Court, upon motion, has the discretion to grant an untimely request for a jury trial pursuant to Federal Rule of Civil Procedure 39(b). *Synet, Inc. v. Microsoft Corp.*, 1998 WL 102707, at *2 (N.D. Ill. Mar. 2, 1998). Untimely jury requests should be allowed absent strong and compelling reasons to the contrary. *Id.* (citing *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992) (citing *Merrit v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983)). Each Rule 39(b) motion "should be approached with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy." *Kirsch v. Brightstar Corporation*, 2014 WL 5166527, at *2 (N.D. Ill. Oct. 10, 2014) (citing *Members v. Paige*, 140 F.3d 699, 703-04 (7th Cir. 1998)).

In assessing a party's late request for a jury trial, the court must consider and balance the following five factors: (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial. *Early v. Bankers Life & Cas. Co.*, 853 F.Supp. 268, 271 (N.D. Ill. 1994) (citing *AM Int'l Inc v. Eastman Kodak Co.*, 648 F.Supp. 506, 507 (N.D. Ill 1986)). Courts in this Circuit appear to favor granting relief under Rule 39(b) "if the totality of the circumstances surrounding the untimely jury demand indicates that there is some colorable justification for the tardy jury demand and

that noncompliance has no substantive effect on the other party." *Kirsch*, 2014 WL 5166527, at *2 (citing *Synet*, 1998 WL 102707, at *2).

## III. Discussion

The balance of the relevant factors supports granting Plaintiffs' Rule 39(b) motion in this case. As to the first of the five factors, this case involves a negligence claim arising from a slip and fall accident. These claims are commonly tried before juries in both federal and state courts, and the facts of this particular case are not so complicated that they would be ill-suited for a jury. *See AM Int'l*, 648 F.Supp. at 509 (recognizing jury's ability as fact finder in a patent case); *Karol v. Bear Stearns & Co.*, 708 F.Supp. 199, 200 (N.D. Ill. 1989) (recognizing a jury's ability in a federal securities case). Regarding the second factor, neither the Court's schedule nor the Defendant's will be disrupted by a jury trial. A trial date has not yet been set and the parties are still engaged in the discovery process. As such, the parties have ample time to prepare for a jury trial, and the Court and Defendant can accommodate whatever incremental time a jury will add to the length of the trial.

The third factor, the degree of prejudice to the opposing party, also weighs in favor of granting Plaintiffs' motion. Defendant has not provided any reason why it would be prejudiced by a jury trial, nor alluded to anything it would have done differently up to this point had it known the case would be tried before a jury. Moreover, the Court cannot conceive of a convincing reason Defendant might put forth given that a trial date has not yet been set and the parties are still in discovery. Even if Defendant's preparation for a jury trial differs somewhat from its preparation for a bench trial, there is sufficient time for Defendant to tailor its strategy accordingly.

The fourth factor for the Court to consider is the length of the delay in requesting a jury trial. Here, the length of delay was roughly four months, as the case was removed to federal court in September 2015 and Plaintiffs filed their Rule 39(b) motion in January 2016. In the Court's view, four months is not such a long delay in the context of the procedural posture of this case so as to weigh against granting Plaintiff's motion. In cases where courts have found the length of the delay significant, the requests were untimely by more than a year. *See AM Int'l*, 648 F.Supp. at 508 (the case had been ongoing for six years before the plaintiff moved for a jury demand); *Early*, 853 F.Supp. at 272 (the plaintiff's period for filing a timely jury demand had expired nineteen months before its Rule 39(b) motion was filed); *Noddings Inv. Group, Inc. v. Kelley*, 881 F.Supp. 335, 337 (N.D. Ill. 1995) (denying defendant's request for a jury demand that was untimely by thirteen months). Moreover, untimely motions for jury trials have been granted where the delay was longer than four months. *See Lawyer v. 84 Lumber Co.*, 1997 WL 24748, at *2 (N.D. Ill. Jan. 17, 1997) (granting the plaintiff's 39(b) motion where the demand was nine months late). *See also Laurence v. Minnesota Mut. Life Ins. Co.*, 1990 WL 165596, at *2 (N.D. Ill. Oct. 22, 1990) (granting untimely request for jury trial where the delay was fifteen months). Finally, a four-month delay is not long enough to raise concerns that the case will be unnecessarily prolonged or that Plaintiff is now reconsidering a conscious decision not to try the case before a jury. Therefore, in the present case, the length of delay weighs in favor of granting Plaintiffs' motion.

The fifth and final factor for the Court to consider is the reason for the movant's tardiness in demanding a jury trial. Plaintiffs aver that they did not file a timely jury demand due to attorney inadvertence. [ECF 22, at 2.] Although the court's decision

4

should reflect a balancing of all five factors, some courts have found the fifth factor determinative. *Noddings Inv. Group Inc.*, 881 F.Supp. at 337 (citing *Stoutmire v. Strickland*, 559 F.Supp. 314, 317 (N.D. Ill. 1984). To that point, the Seventh Circuit in *Ma v. Community Bank* held that mere inadvertence does not justify relief from the consequences of making an untimely jury request. *Ma v. Community Bank*, 686 F.2d 459, 470 (7th Cir. 1982) (not an abuse of discretion for district court to deny a jury demand made eight months late due to attorney inadvertence). However, since *Ma*, courts in this Circuit have held that relief is appropriately granted under Rule 39(b) even when the reason for the untimely jury demand is attorney inadvertence, where the balance of the other factors weighs in favor of granting such relief. *See Laurence*, 1990 WL 165596, at *2; *Karol*, 708 F.Supp. at 201 (holding that inadvertence, absent strong and compelling reasons to the contrary, provides a basis for relief under Rule 39(b)). And, as mentioned above, the court of appeals has since reiterated that an untimely jury demand should be accommodated absent strong and compelling reasons to the contrary. *Kotsilieris*, 966 F.2d at 1187; *Merritt*, 697 F.2d at 767.

This Court agrees with the view that "a jury trial is too important to deny based merely on semantical nuances and delicate shades of meaning about what is or is not an honest mistake or reasonable excuse." *AM Int'l*, 648 F.Supp. at 508 (citing *Rodriguez v. Schweiger*, 534 F.Supp. 229, 232 (N.D. Ill. 1982)). It follows that this Court also agrees with the view that attorney inadvertence in not filing a timely demand can provide a basis for granting relief under Rule 39(b) when the other factors weigh heavily in that direction and the delay occasioned by the inadvertence is relatively short.

5

In this case, because there are no strong or compelling reasons to deny Plaintiffs' Rule 39(b) motion, Plaintiffs' attorney's inadvertence in not making a timely jury demand is a sufficiently good reason to allow Plaintiffs to perfect their jury demand now. The other four factors support this conclusion. The issues in the case are well-suited for a jury trial, the Court's schedule and that of Defendant will not be disrupted by a jury trial, Defendant will not be prejudiced by a jury trial, and the length of delay in making the demand is insignificant in the context of the case. In weighing the totality of circumstances carefully, the Court exercises its discretion to grant Plaintiff's motion to order a jury trial pursuant to Rule 39(b).

## IV. Conclusion

For the above stated reasons, Plaintiffs' Rule 39(b) motion for a jury trial is granted.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 29, 2016